```
                                                    E-FILED
                                          IN COUNTY CLERK'S OFFICE
                                          PIERCE COUNTY, WASHINGTON
                                           February 14 2020 3:31 PM
                                                 KEVIN STOCK
                                                 COUNTY CLERK
                                              NO: 20-2-04955-2
```

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR PIERCE COUNTY

| | |
|---|---|
| TINA BROVOLD, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR PERSONAL INJURY** |
| vs. | |
| SAFEWAY, INC., a foreign profit corporation, | |
| Defendant. | |

COMES NOW Plaintiff, Tina Brovold, by and through her attorneys of record, Richard S. Aguire and Kevin B. Page of Ritchie Reiersen, PLLC, and hereby alleges the following:

### I. PARTIES

1.1   Plaintiff, Tina Brovold, resides in Pierce County, Washington.

1.2   Defendant Safeway, Inc., is a foreign, for-profit, business in Pierce County, Washington.

### II. JURISDICTION/ VENUE

2.1   This Court has jurisdiction pursuant to Article 4 of the Washington State Constitution and RCW 2.08.010.

Complaint
Page 1 of 3

Ritchie Reiersen, PLLC
110 2nd St SW Suite 135
Auburn, WA 98001
Phone: 253-204-2244
Fax: 253-204-2240

3-23-2020     L14871910001     6020200323030186

https://www.sedgwicksir.com/EditorHTML5/printModule.html     5/5/2020

2.2	Venue is proper pursuant to RCW 4.12.020(3) because this is an action for recovery of damages for injuries, the cause of which occurred within Pierce County, Washington.

### III. BACKGROUND/FACTS

3.1	On or about March 8, 2017, plaintiff was shopping at the Safeway Store located at 1624 72nd Street East in Tacoma, Pierce County, Washington.

3.2	While exercising due care for her own safety, plaintiff took a step back from the lottery ticket vending machine to allow another shopper to pass by with a shopping cart.

3.3	Plaintiff then slipped on a clear liquid substance.

3.4	There were no signs indicating a wet floor in the area where Plaintiff fell.

3.5	The slippery floor caused Plaintiff to fall and sustain injury.

### IV. DUTY AND BREACH

4.1	Defendant Safeway, Inc., had a duty to maintain the aisles and floors of its store in a reasonably safe condition which did not pose a risk of injury to business invitees.

4.2	Defendant Safeway, Inc., breached this duty and was negligent in that it failed to properly maintain the aisles and floors in a reasonably safe condition.

4.3	Defendant Safeway, Inc., breached this duty and was negligent in that it knew, or should have known of the dangerous condition or to notify or warn business invitees of the unreasonably dangerous condition caused by the liquid substance on the floor.

### V. DAMAGES

5.1	As a direct and proximate result of defendant's breach of duty, plaintiff has suffered personal injuries the extent of which are not now known but will be proven at trial.

5.2	As a direct and proximate result of defendant's breach of duty, plaintiff has incurred reasonable and necessary medical expenses.

Complaint
Page 2 of 3

Ritchie Reiersen, PLLC
110 2nd St SW Suite 135
Auburn, WA 98001
Phone: 253-204-2244
Fax: 253-204-2240

3-23-2020   L14871910001   6020200323030186

https://www.sedgwicksir.com/EditorHTML5/printModule.html   5/5/2020

5.3 As a direct and proximate result of defendant's breach of duty, plaintiff has incurred injuries, pain, suffering, and anguish.

5.4 As a direct and proximate result of defendant's breach of duty, plaintiff will suffer future medical expenses and future pain and suffering.

5.5 As a direct and proximate result of defendant's breach of duty, plaintiff has sustained wage loss.

5.6 As a direct and proximate result of defendant's breach of duty, plaintiff has incurred such other damages as will be proven at trial.

## VI. PRAYER FOR RELIEF

Plaintiff prays judgment against the Defendants as follows:

6.1 For economic damages in an amount to be determined at trial;

6.2 For non-economic damages in an amount to be determined at trial;

6.3 For statutory attorney's fees and costs; and

6.4 For all other relief the Court deems just and equitable.

DATED this 14th day of February 2020.

RITCHIE REIERSEN, PLLC

By: _____
RICHARD S. AGUIRE, WSBA #49534
KEVIN B. PAGE, WSBA #49585
*Attorneys for Plaintiff*

Complaint
Page 3 of 3

Ritchie Reiersen, PLLC
110 2nd St SW Suite 135
Auburn, WA 98001
Phone: 253-204-2244
Fax: 253-204-2240