1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10  TINA BROVOLD,

11                      Plaintiff,          CASE NO. 3:20-cv-05792-BHS-JRC

12          v.                               REPORT AND
                                             RECOMMENDATION
13  SAFEWAY INC,

14                      Defendant.           Noted for:  October 30, 2020

15          This matter is before the Court on plaintiff's motion to remand the case to state court.

16  *See* Dkt. 10.  Because "a magistrate judge presented with a motion for remand should provide a

17  report and recommendation to the district court that is subject to *de novo* review," the

18  undersigned issues the following report and recommendation on the matter.  *Flam v. Flam*, 788

19  F.3d 1043, 1047 (9th Cir. 2015) (internal quotation omitted).

20          In state court, plaintiff sued defendant, a corporation, based on alleged personal injury at

21  one of defendant's stores, and defendant removed the matter to federal court.  Plaintiff now

22  asserts that removal was improper because defendant has not met its burden to show that the

23  amount in controversy exceeds $75,000 and that defendant is not a citizen of Washington State.

24

REPORT AND RECOMMENDATION - 1

1    However, defendant's reliance on plaintiff's statement of damages well in excess of

2    $75,000 is adequate to establish the amount in controversy by a preponderance of the evidence,

3    based on the allegations in this case.  Moreover, defendant has come forward with evidence that

4    it is a corporation incorporated in Delaware, with its principal place of business in California—

5    so that it is not a Washington "citizen"—and plaintiff's arguments to the contrary are not

6    persuasive.  Accordingly, the motion to remand should be denied.

7                                                        **BACKGROUND**

8    Plaintiff filed her complaint in Pierce County Superior Court on February 14, 2020.  *See*

9    Dkt. 1-1, at 1.  She alleged that she resides in Pierce County, Washington, and that defendant is a

10   "foreign, for-profit, business in Pierce County[.]"  Dkt. 1-1, at 1.  According to plaintiff's

11   complaint, while shopping at one of defendant's stores in Tacoma, Washington, she slipped and

12   fell, suffering "personal injuries the extent of which are not now known but will be proven at

13   trial."  Dkt. 1-1, at 2.

14   Because plaintiff alleged personal injury, Washington State law prohibited her complaint

15   from including "a statement of the damages sought[.]"  RCW 4.28.360.  Instead, RCW 4.28.360

16   provided that upon defendant's request, plaintiff had to provide a statement of damages "setting

17   forth separately the amounts of any special damages and general damages sought."  Accordingly,

18   on May 21, 2020, defendant requested that plaintiff provide her statement of damages.  Dkt. 12,

19   at 2.  On August 4, 2020, defendant received the statement of damages, which alleged

20   $55,525.35 in medical expenses and $225,000 in general damages.  Dkt. 12-2, at 2.

21   On August 7, 2020, defendant removed the action to this Court, citing the statement of

22   damages.  Dkt. 1, at 1–2.  Defendant also asserted that defendant is a corporation organized in

23   Delaware with its principal place of business in California as the basis for removal.  Dkt. 1, at 2.

24

1   Plaintiff now seeks remand to state court.  Dkt. 10.  Plaintiff asserts that her damages are

2   the approximately $55,000 amount listed for medical bills and disavows that the general

3   damages claim of $225,000 listed in her statement of damages provides a basis for determining

4   the amount in controversy.  Dkt. 10, at 5.  Plaintiff also asserts that defendant has not shown that

5   there is complete diversity between the parties where defendant has offered no proof of its

6   purported members' domiciles.  Dkt. 10, at 10.

7                              **DISCUSSION**

8       **I.  Legal Principles**

9       This Court has diversity jurisdiction "where the matter in controversy exceeds the sum or

10  value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

11  28 U.S.C. § 1446 governs the procedure for removing a civil action from state court.  Where, as

12  here, state law prohibits including the amount in controversy in the complaint, § 1446(c)(2)(A)

13  provides that the notice of removal may assert the amount in controversy.

14      Defendant bears the burden to establish that removal is proper (*Nishimoto v. Federman–*

15  *Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990)) and must overcome the 'strong

16  presumption against removal jurisdiction.'"  *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056

17  (9th Cir. 2018) (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599

18  F.3d 1102, 1107 (9th Cir. 2010)).  Where plaintiff contests the amount in controversy, defendant

19  must show by a preponderance of the evidence that the amount in controversy requirement is

20  met.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *see also* 28

21  U.S.C. § 1446(c)(2)(B).  Any doubts as to removability should be resolved in favor of remand.

22  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

23

24

## II. Amount in Controversy

Plaintiff first argues that defendant has failed to show by a preponderance of the evidence that the amount in controversy is over $75,000, so that the matter should be remanded.  Dkt. 10, at 4.  Defendant responds that it properly removed this case based on plaintiff's statement of damages.  Dkt. 11, at 5.  Defendant also argues that where plaintiff has documented $55,525.35 in past medical expenses "it would only take $19,476 in general damages . . . to exceed the diversity jurisdiction minimum."  Dkt. 11, at 6.

Decisions of District Courts in the Ninth Circuit have varied regarding whether to treat statements of damages as sufficient to establish the amount in controversy.  Generally, the statement of damages is not conclusive but can be "strong evidence" of the amount in controversy—evidence that is adequate to meet defendant's burden, depending on the circumstances.  *See, e.g.*, *Mozingo v. Japan Airlines Co.*, No. 20-CV-583 JLS (AGS), 2020 WL 2092913, at *2 (S.D. Cal. May 1, 2020) (remanding matter where statement of damages asserted $265,000 in damages but only $15,000 had been paid to date for medical expenses and the remainder of the calculation was entirely conclusory and unrealistic); *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *1 (W.D. Wash. Oct. 1, 2019) (denying motion to remand where statement of damages gave a specific estimate of the amount sought, which appeared reasonable and which plaintiff did not disavow), *Jackson v. Target Corp.*, No. CV086814RSWLVBKX, 2008 WL 11339920, at *1 (C.D. Cal. Dec. 22, 2008) (denying motion for remand where it was not a "bold optimistic prediction" to presume that plaintiff sought at least $75,000 where she alleged $743,205 in damages, including emotional distress; pain, suffering, and inconvenience; loss of future earning capacity; and future medical expenses); *Ortiz v. Costco Wholesale Corp.*, No. 19-CV-1293 JLS (BGS), 2019 WL 3183675, at *2 (S.D.

Cal. July 16, 2019) (remanding to state court where statement of damages did not explain how plaintiff arrived at the estimate of $620,091.40 and where the only damage claim supported by the complaint was $20,091.40 in medical expenses).

This case is more similar to cases in which the statement of damages has been strong evidence of the amount in controversy that, in conjunction with the circumstances of the case, has met defendant's burden to show the amount in controversy. Plaintiff itemized her medical bills totaling approximately $56,000 in response to the request for a statement of damages. Dkt. 12-2, at 2. She also listed a total amount of general damages sought of $225,000. Dkt. 12-2, at 2. She disavows the amount of general damages in her motion for remand, stating that it is merely a "bold and optimistic prediction." Dkt. 10, at 5. But it is reasonable to conclude that if she proves her allegations, her damages would total at least $75,000, given that her past medical bills are alleged to be over 2/3 of this amount and that she also seeks future medical expenses and other amounts for wage loss and pain in suffering. Dkt. 1-1, at 3.

The Court turns to plaintiff's arguments. Plaintiff argues that the statement of damages "is not binding, it is not discovery, nor is it a pleading" so that it is "entitled to less credence." Dkt. 10, at 4. Although the Court agrees that a statement of damages is not binding, it is relevant to the issue of the amount in controversy. *Accord Flores*, 2019 WL 4849488, at *3.

Moreover, the authority that plaintiff cites as support is readily distinguishable. In *Surber v. Reliance National Indemnity Co.*, plaintiff's statement of damages was not required in her insurance case and was entitled to "less credence." 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000). The case involved a claim that the Court valued at, at most, $5,000, so that the amounts in the statement of damages—totaling over a million dollars—were "difficult to credit." *Id.* at

1231.  As noted above, not only was the statement of damages required in this case, but it is

reasonable to conclude that the amount at issue exceeds $75,000.  *Surber* is inapposite.

Plaintiff also cites to this District's ruling remanding a case to state court in *JP Morgan*

*Chase Bank National Association v. Dandridge-Bacon/Sheridan*, but the portion of the case that

she cites concerns federal question jurisdiction, not diversity jurisdiction.  No. C14-5778 BHS,

2014 WL 4986497, at *1 (W.D. Wash. Oct. 6, 2014).  Nothing in that ruling calls into question

the viability of citing a statement of damages as the basis for removal.

Plaintiff further relies on *Gaus v. Miles, Inc.*, where diversity jurisdiction was based only

on plaintiff's unsupported assertion that damages were "in the millions of dollars" and on

defendant's bare allegation that the matter exceeded the jurisdictional amount.  980 F.2d 564,

566–67 (9th Cir. 1992).  Plaintiff also cites the Ninth Circuit's unpublished opinion in *Necessary*

*v. State Farm Auto Insurance Co.*  There, the Court concluded that diversity jurisdiction did not

exist where the complaint failed to quantify damages other than an unsupported conclusion that

the amount exceeded $75,000, based on plaintiffs' allegations that defendant insurer acted in bad

faith when it paid out a $500,000 claim.  359 Fed. App'x 807, 809–10 (9th Cir. 2009).  Both of

these cases are inapposite:  neither of them discussed statements of damages and, as noted above,

plaintiff's own statement of damages reasonably estimates damages in excess of $75,000.

Unlike in *Gaus*, defendant is not merely relying on bare allegations.  And unlike in *Necessary*,

the factual allegations of this case, in conjunction with the approximately $55,000 allegedly

already accrued in medical expenses, reasonably support the conclusion that the value of the

claim exceeds the jurisdictional threshold.

Finally, plaintiff cites *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 947 (E.D. Ky.

2010), criticizing "reflexive[]" removal at the time of service of a state court complaint.  Such is

1  not the case here—as defendant points out, they did not "reflexively" remove the case within a

2  few weeks of service but removed the matter within a few days of receiving the statement of

3  damages. *See* Dkt. 12-2, at 2. The Court also notes that plaintiff's demand letter in *May*—which

4  was relied on as evidence of the amount in controversy and which demanded settlement in the

5  amount of unstated liability limits—was far less probative of the amount of damages at issue

6  than the statement of damages here. *See* 751 F. Supp. 2d at 949.

7      In short, the undersigned has reviewed plaintiff's cited authority and arguments and finds

8  plaintiff's arguments regarding the amount in controversy lack merit. Defendant has met its

9  burden to show by a preponderance of the evidence that the amount in controversy exceeds

10  $75,000.

11  **III. Citizenship of Parties**

12      Plaintiff alternatively argues that it is not clear that defendant is not a Washington citizen,

13  so that remand is appropriate on the basis of lack of diversity of citizenship. Dkt. 10, at 9.

14  **A. Judicial Notice**

15      As a preliminary matter, regarding this issue, the Court will take judicial notice of the

16  search results for "Safeway" on the Washington Secretary of State's website. District courts

17  may take judicial notice of "records and reports of administrative bodies" (*Anderson v. Holder*,

18  673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (quotations omitted)), as well as "undisputed matters of

19  public record." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). The Court

20  refers to the search results as necessary in the analysis of defendant's citizenship, below.

21  **B. Analysis**

22      Plaintiff asserts that defendant has failed to establish complete diversity between the

23  parties despite defendant's assertion that it is a corporation organized in Delaware with its

24

1    principal place of business in California.  *See* Dkt. 10, at 9.  Plaintiff does not contest that she is a

2    Washington State citizen.  Dkt. 10, at 10.  Instead, she asserts that defendant has failed to meet

3    its burden to show that it is not a Washington State citizen.  Dkt. 10, at 10.

4           Defendant has come forward with evidence that it is a corporation.  *See* Dkt. 12-3, at 1.

5    For purposes of diversity jurisdiction, a corporation is a citizen of every state in which it has

6    been incorporated and of the "state where it has its principal place of business." 28 U.S.C. §

7    1332(c)(1).  According to defendant, here, it is incorporated in Delaware and has its principal

8    place of business in California.  Defendant relies on (1) a printout from the Washington State

9    Secretary of State's website supporting that defendant's principal place of business is in

10   California (Dkt. 12-3, at 1) and (2) defendant's attorney's declaration that defendant is

11   incorporated in Delaware and maintains its corporate office (and principal place of business) in

12   California.  Dkt. 12, at 1.  Defendant has also filed a corporate disclosure statement stating that it

13   is a "nongovernmental corporation whose parent corporation is Albertsons Companies Inc."

14   Dkt. 2, at 1.

15          In response, plaintiff does not challenge defendant's assertions regarding its principal

16   place of business or place of incorporation.  Instead, plaintiff asserts that "[a] search of the

17   Washington Secretary of State Corporations and Charities Filing System reveals several Safeway

18   listings, two of which are Safeway LLC[s] registered as Washington Limited Liability

19   Companies." Dkt. 10, at 10.  Plaintiff appears to argue that because it is unclear how—or

20   whether—these limited liability companies are affiliated with defendant, defendant fails to meet

21   its burden to show that it is not a Washington citizen.

22

23

24

1    With respect to plaintiff's argument, as noted above, the Court takes judicial notice of the

2    search results.[1]  Searching "Safeway" on the Washington State Secretary of State's Corporations

3    and Charities Filing System results in listings for many business entities, including Safeway, Inc

4    (the defendant in this action); Burien Safeway, LLC; and Safeway-Renton #0366 LLC.  Plaintiff

5    argues that the latter two business entities defeat diversity jurisdiction because it is unclear

6    whether they are distinct and separate entities from Safeway, Inc.  Dkt. 14, at 2.

7    This argument is not persuasive.  Safeway, Inc.—not "Burien Safeway LLC" or

8    "Safeway-Renton #0366 LLC"—is the defendant in this suit and is a corporation.  The test for

9    whether a corporation is a citizen of a state is whether has its principal place of business or is

10    incorporated in that state.  28 U.S.C. § 1332(c)(1).  Defendant has come forward with evidence

11    that both of these places are in other states, and plaintiff does not meaningfully controvert any of

12    this evidence.

13    Instead, plaintiff argues that "[d]efendant bears the burden to demonstrate" that it is not

14    an owner or member of the LLCs identified on the Washington Secretary of State's website.  *See*

15    Dkt. 14, at 2.  This argument misses the mark.  If Safeway, Inc., is the owner or member of one

16    of the LLCs, such is relevant to the citizenship of the LLCs—not of Safeway, Inc.  *See Johnson*

17    *v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of

18    every state of which its owners/members are citizens.").  But that citizenship is not relevant

19    where neither LLC is a defendant in this action.  Complete diversity requires diversity of adverse

20    parties—it does not require diversity from nonparties.  *Accord Lincoln Prop. Co. v. Roche*, 546

21

22

23    [1] The results may be obtained by searching "Safeway" at the Secretary of State's website.
*See* Office of the Secretary of State, Washington Corporations and Charities Filing System (last

24    visited October 6, 2020), https://ccfs.sos.wa.gov/#/Home.

U.S. 81, 84 (2005) ("It is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity.").

Indeed, the Court notes that to the extent that plaintiff may be arguing that it is the LLCs, not Safeway, Inc., that are the entities being sued, the Court notes that plaintiff specifically listed Safeway, Inc, "a foreign, for-profit, business" as defendant in its lawsuit (Dkt. 1-1, at 1) and served Safeway, Inc., as a "foreign profit corporation," by serving the registered agent listed on Safeway, Inc's record with the Washington State Secretary of State.  *See* Dkt. 3-1, at 10.  The Court is not persuasive by plaintiff's attempts to now have this matter remanded to State court on the basis of an argument that it is in fact the citizenship of the LLCs that should be dispositive of the issue.

## CONCLUSION

The motion to remand (Dkt. 10) should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 30, 2020** as noted in the caption.

Dated this 14th day of October, 2020.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10